```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

DOUGLAS RAY DUNKINS, Jr.,         §
(BOP #22619-077)                  §
VS.                               §   CIVIL ACTION NO.4:06-CV-723-Y
                                  §
FREDERICK MARTIN SCHATTMAN,       §
EDWARD VAN PATTEN                 §
```

### ORDER RESOLVING PENDING MOTIONS and, OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b)

This case is before the Court for review of pro-se inmate plaintiff Douglas Ray Dunkins ("Dunkins") Jr.'s complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Dunkins's civil complaint names as defendants two persons associated with his arrest and prosecution in this Court: Edward Van Patten, Drug Enforcement Administration; and Frederick Martin Schattman, assistant United States Attorney. (Compl. Style; § III.) Dunkins is presently serving the life sentence imposed upon him after being convicted in this Court of conspiracy in violation of 21 U.S.C. § 846.[1]

In this civil action, Dunkins complains of the application and affidavit for search warrant on his address on 4903 Panola Avenue, Fort Worth, Texas, filed on November 6, 1991, as not bearing the original signature of Magistrate Judge Alex McGlinchey. A November 6, 1991, search warrant for that address, bearing the signature of Magistrate Judge McGlinchey, was executed on the Panola Avenue

---

[1]The Court takes judicial notice of its own records in *United States v. Dunkins,* 4:92-CR-010-Y(3).

address on November 7, 1991, and several items of personal property were seized. (Compl. § IV, ¶¶ 1-3.) Dunkins acknowledges that the issue of whether the magistrate judge's signature was properly affixed to the application was at issue in a suppression hearing before the undersigned in the criminal case on July 13, 1992. The transcript of that hearing indicates that a duplicate original was presented to this Court. Dunkins has now presented a certified copy of the application, obtained from the clerk of Court in 2006, that does not bear the magistrate judge's signature or date and time. (Compl. § IV, ¶¶ 4-6.) Dunkins alleges that Schattman and Van Patten conspired to violate his Fourth Amendment rights by presenting a false and forged document to the Court at the 1992 suppression hearing. (Compl. § IV, ¶ 7.) He seeks monetary damages of $75,000.00 plus interest and costs.

*Recusal/Other motions*

Before the Court turns to the review of the complaint under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), it will first consider a pending motion for recusal. Dunkins urges recusal of the undersigned judge in this case pursuant to the provision of 28 U.S.C. §§ 144 and 455. The decision to recuse under both § 455 and § 144 is committed to the sound discretion of the trial judge.[2] Both §455 and §144 put forward objective standards for recusal and both require a showing

---

[2] *See generally Henderson v. Dept. of Public Safety and Corr.*, 901 F.2d 1288, 1295-96 (5th Cir. 1990)(reviewing recusal under both § 455 and § 144).

2

of extra judicial bias.³ Under § 144, the legal and procedural standard is more strict upon the movant, such that a § 144 movant must support his motion with an affidavit that sets forth particular facts to convince a reasonable person that bias *exists*.⁴ Under the broader language of § 455, the movant must show "only that a reasonable person 'would harbor doubts about the judge's impartiality.'"⁵

The Court concludes that under an application of either standard, Plaintiff has wholly failed to show any bias or question about this judge's impartiality. Under either § 144 or § 455, the alleged bias must be "personal" as distinguished from judicial.⁶ Dunkins complains of this judge's issuance of orders and of his response to Dunkins's correspondence. But, a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule in any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench."⁷ Dunkins also claims that the undersigned might need

---

³*See Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1019-20 (5th Cir Unit A  1981),*cert denied*, 456 U.S. 960 (1982).

⁴*Id* at 1019 n. 6.

⁵*Id* (citations omitted).

⁶*Id*, at 1020.

⁷*Id*, *citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (other citations omitted); *see also Robinson v. Gregory,* 929 F.Supp. 334, 337 (S.D.Ind. 1996)("Courts have repeatedly made it clear that judicial rulings alone

3

to be a fact witness in this action. But, because the Court must assume the facts in Douglas's favor, and as the case is subject to summary dismissal even so assuming the facts, there is no basis for recusal on the basis that the undersigned might have personal knowledge of disputed facts. The motion for recusal will be denied.

Dunkins has also filed motions both to have summonses signed and issued, and separately, to be granted an extension of time to have summonses issued. As noted by the magistrate judge in the initial orders in this case, no summonses were to issue until the Court completed the screening of the complaint under 28 U.S.C. § 1915A(a) and 1915(e)(2)(B). Because the Court has now concluded that the case will be dismissed under those provisions, these motions will be denied as moot.

*Screening*

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[8] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim

---

almost never constitute a valid basis for disqualifying the judge").

[8]*Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

4

should be dismissed.[9]  Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[10]  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[11] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[12] After review and consideration of Dunkins's claims as asserted in this complaint, the Court concludes that they must be dismissed under the authority of these provisions.

The Court notes first that Fred Schattman is subject to absolute immunity from suit. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[13] The Supreme Court has further explained that absolute immunity is afforded or not based upon whether the prosecutor is

---

[9]*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[10]*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[11]*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[12]*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[13]*Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

5

acting "in his role as advocate for the State."[14] Here, Fred Schattman's actions with regard to the prosecution of Dunkins were taken in his role as assistant United States attorney. That Dunkins alleges Schattman engaged in a conspiracy does not vitiate Schattman's immunity from suit.[15] Thus, defendant Schattman is entitled to absolute prosecutorial immunity, and Dunkins's claims against him must be dismissed under the authority 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915 (e)(2)(B)(iii).

Dunkins's claims also must be dismissed because they are barred by the applicable statute of limitations. The Fifth Circuit has held that an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*[16] is controlled by the applicable state statute of limitations.[17] In Texas the applicable

---

[14] *Imbler,* 424 U.S. at 431 n.33.

[15] *See generally Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir. 1986)(en banc)("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors"); *Smith v. City of New Orleans,* No. Civ.A. No.95-0821, 1996 WL 39424, at *3 (E.D.La. Jan. 30, 1996)("The Court has already determined that the underlying acts were protected by absolute immunity; mere allegations that defendants performed those acts in the course of a conspiracy will not be sufficient to avoid absolute immunity"), *citing Holloway v. Walker,* 765 F.2d 517, 522 (5th Cir.), *cert. den'd,* 474 U.S. 1037 (1985).

[16] 403 U.S. 388, 297 (1971). *Bivens,* of course, is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball,* 168 F.3d 856, 863 n. 10(5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."),*citing Abate v. Southern Pacific Transp. Co.,* 993 F.2d 107, 110 n. 14 (5th cir. 1993).

[17] *See Brown v. Nationsbank Corp., et al.,* 188 F.3d 579,590 (5th Cir. 1999), *cert. den'd,* 530 U.S. 1274 (2000), *citing Alford v. United States,* 693 F.2d 498, 499 (5th Cir. 1982).

6

limitations period is two years.[18] Thus, the applicable limitations period on a *Bivens* claim arising in Texas is two years.[19] Likewise, any claims asserted under 42 U.S.C. § 1981 and 1985 are also subject to the applicable two-year Texas statute of limitations applicable to tort claims.[20]

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[21] Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action.[22] Here, Dunkins acknowledges that he was aware of the alleged deficiency with the application for search warrant at the time of the suppression hearing in 1992. Thus, Dunkins's

---

[18]*See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon Supp. 2006)(Texas's two-year personal injury limitations statute).

[19]*Brown,* 188 F.3d at 590, *citing Pena v. United States,* 157 F.3d 984, 987 (5th Cir. 1998).

[20]*See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir.1987)("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985 and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is [two years]").

[21]*Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993); *see also Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992)("Although the statute of limitations is an affirmative defense, a district court may properly dismiss a complaint under 28 U.S.C. § 1915(d) when it is apparent that the statute of limitations has run.")(citations omitted).

[22]*See Harris v. Hegmann,* 198 F.3d. 153, 157 (5th Cir. 1999), *citing Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992).

7

claims for relief under *Bivens,* 42 U.S.C. §§ 1981, 1985, and 1986, are filed too late, and must be dismissed.[23]

The Court notes that an alternative basis for dismissal of Dunkins's claims for compensatory damages is the limitation on recovery of damages for other than physical injury. As a part of the PLRA, Congress placed a restriction on a prisoner's remedies unless there is a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[24] The Court of Appeals for the Fifth Circuit has determined that this provision bars recovery of damages for mental or emotional injury, absent physical injury, allegedly resulting from a violation of a constitutional right:

> We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as the district court correctly held, [inmate's] failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or

---

[23]The statute of limitations for a claim under 42 U.S.C. § 1986 is one year. *See* 42 U.S.C.A. § 1986 (West 2003)("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Thus, as all factual allegations made the basis of this suit occurred more than one year prior to filing, all claims under 42 U.S.C. § 1986 based upon such facts are barred and must be dismissed.

[24]42 U.S.C.A. § 1997e(e)(West 2006).

8

mental injuries allegedly suffered as a result of the purported First Amendment violation.[25]

Dunkins has not alleged any physical injury as a result of the claimed violation of his rights. Thus, Dunkins is not entitled to recover compensatory damages for any alleged mental and emotional injuries. Any claim for compensatory damages for mental or emotional injury is barred under 42 U.S.C. § 1997e(e), and must be dismissed.

Dunkins's February 8, 2007, motion for recusal [docket no. 9] is DENIED. Dunkins's December 29, 2006, motion to have summons signed [docket no. 7], and his February 8, 2007, motion to extend time to have summons signed [docket no. 10] are DENIED.

All of Plaintiff's claims against Frederick Martin Schattman are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C.§ 1915(e)(2)(B)(iii).

Plaintiff's remaining claims, and alternatively as to his claims against Frederick Martin Schattman, are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED March 9, 2007.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[25]*Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005)(citations omitted); *see generally Hutchins v. Daniels,* No.6:06-CV-174, 2006 WL 3147364 at *4 (E.D.Tex. Oct. 31, 2006)(Fourth Amendment claims also subject to the physical-injury requirement of § 1997e), *citing Geiger,* 404 F.3d at 375 n.11.

9